[Civ. No. 53205. Second Dist., Div. Three. Feb. 26, 1979.]

FRANK VALLEJOS, Plaintiff and Appellant, v.
CALIFORNIA HIGHWAY PATROL, Defendant and Respondent.

[Civ. No. 53243. Second Dist., Div. Three. Feb. 26, 1979.]

ROBERT E. FIELD, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

[Civ. No. 53265. Second Dist., Div. Three. Feb. 26, 1979.]

JEFFREY ADRIAN VILLAGRAN, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

**COUNSEL**

Laufer & Roberts, Kenneth P. Roberts, Merritt L. Weisinger and Weisinger & Frederick for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, L. Stephen Porter, Assistant Attorney General, and Henry G. Ullerich, Deputy Attorney General, for Defendants and Respondents.

**OPINION**

**ALLPORT, J.**—Frank Vallejos, Jeffrey Adrian Villagran and Robert E. Field appeal from orders of dismissal of their actions for restitution, accounting and injunctive relief following sustaining of general demurrers. At the request of defendants the three matters were consolidated for briefing, oral argument and decision by this court. The gravamen of the actions is that, during the year 1976, defendants made illegal charges for copies of traffic accident reports in violation of Government Code section

6257,[1] for which reimbursement is sought and against which practice an injunction is requested. The Vallejos and Field actions are brought as class actions.

The reporter's transcript discloses that the three demurrers were heard on November 9, 1977, and each was sustained without leave to amend on the ground that the accident reports were not public records within the meaning of section 6257. No request for leave to amend was made by any of the parties and the actions were forthwith ordered dismissed.

### The Issue

Bearing in mind that our function on appeal in these cases is to review the validity of the ruling and not necessarily the reason therefor (*Gonzales* v. *State of California* (1977) 68 Cal.App.3d 621, 627 [137 Cal.Rptr. 681]; *Rupp* v. *Kahn* (1966) 246 Cal.App.2d 188, 192, fn. 1 [55 Cal.Rptr. 108]), we proceed to consideration of whether written traffic accident reports prepared and retained by the California Highway Patrol during the year 1976 were "identifiable public record[s]" for which reproduction costs were limited to 10 cents per page.[2] We deem this to be the threshold, if not the only, issue before us. It was so considered by the court below and it has been so treated by all parties in their presentations on appeal. For reasons to follow we conclude these reports were "identifiable public records" and will therefore reverse.

### Discussion

In 1968 the California Public Records Act, Government Code section 6250 et seq., section 6252 subdivision (d) defined public records to include "any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." In *Cook* v. *Craig* (1976) 55 Cal.App.3d 773 [127 Cal.Rptr. 712], citizens sought copies of the

---

[1]Prior to its amendment effective January 1, 1977, section 6257 provided: "A request for a copy of an identifiable public record or information produced therefrom, or a certified copy of such record, shall be accompanied by payment of a reasonable fee or deposit established by the state or local agency, provided such fee shall not exceed ten cents ($0.10) per page or the prescribed statutory fee, where applicable."

[2]Section 6257 was amended effective January 1, 1977, to read as follows: "A request for a copy of an identifiable public record or information produced therefrom, or a certified copy of such record, shall be accompanied by payment of a fee or deposit to the state or local agency, provided such fee shall not exceed the actual cost of providing the copy, or the prescribed statutory fee, if any, whichever is less."

rules and regulations of the department governing the investigation and disposition of complaints of police misconduct. In holding the material requested to be public records this court said, at pages 781-782:

"THE CALIFORNIA PUBLIC RECORDS ACT

"The PRA begins with a broad statement of intent: 'In enacting this chapter, the Legislature, mindful of the right of individuals to privacy, finds and declares that access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state.' (§ 6250.)

"Like the federal Freedom of Information Act, section 552 et seq. of 5 United States Code, upon which it was modeled (see *Black Panther Party v. Kehoe* (1974) 42 Cal.App.3d 645, 652 [117 Cal.Rptr. 106]), the general policy of the PRA favors disclosure. Support for a refusal to disclose information 'must be found, if at all, among the specific exceptions to the general policy that are enumerated in the Act.' (*State of California* ex rel. *Division of Industrial Safety* v. *Superior Court* (1974) 43 Cal.App.3d 778, 783 [117 Cal.Rptr. 726].) To this end, subdivision (d) of section 6252 states that ' "[p]ublic records" includes any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics.' The word 'writing' is itself defined comprehensively in subdivision (e) of section 6252: '(e) "Writing" means handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combination thereof, and all papers, maps, magnetic or paper tapes, photographic films and prints, magnetic or punched cards, discs, drums, and other documents.'

"Defendants claim that nowhere in the PRA is the term 'public records' *defined,* and that subdivision (d) of section 6252 is merely a statement of certain inclusions within the term and not its definition. Accordingly defendants urge a narrow meaning to the term, based upon cases interpreting it as used in other statutes. (See *People* v. *Olson* (1965) 232 Cal.App.2d 480, 486 [42 Cal.Rptr. 760]; *Nichols* v. *United States* (D.Kan. 1971) 325 F.Supp. 130, affd. on other grounds (10th Cir.) 460 F.2d 671, cert. den. (1972) 409 U.S. 966 [34 L.Ed.2d 232, 93 S.Ct. 268].) Without quibbling over whether or not subdivision (d) of section 6252 is a 'definition' of the term 'public records,' the expression '*any writing*

*containing information relating to the conduct of the public's business* prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics' is sufficiently broad to include the material sought by the plaintiffs. The breadth of the term 'public records' is further shown by certain exceptions in section 6254, such as subdivisions (a) exempting '[p]reliminary drafts . . . which are not retained by the public agency in the ordinary course of business, provided that the public interest in withholding such records clearly outweighs the public interest in disclosure; . . .' (g) exempting test questions for examination, and (j) exempting '[l]ibrary and museum materials made or acquired and presented solely for reference or exhibition purposes.'

"We therefore conclude that the scope of the term 'public records' as used in subdivision (d) of section 6252 does not depend upon the scope of the term as used elsewhere; defendants cases interpreting it are thus inapplicable." (Fn. omitted.)

Relying upon the rationale of *Cook* we are persuaded to hold that the traffic accident reports sought in the instant case are likewise public records within the meaning of the act. The language of section 6252 subdivision (d) is "sufficiently broad" to include these reports within its definition as "containing information relating to the conduct of the public's business prepared . . . by a state agency." "The *filing* of a document imports that it is thereby placed in the custody of a public official to be preserved by him for public use. Because for a season its value is best conserved by maintaining its confidential character by excluding public gaze, it becomes no less a public record. (*People* v. *Tomalty,* 14 Cal.App. 224, 232 [111 P. 513]; *Cox* v. *Tyrone Power Enterprises, Inc.,* 49 Cal.App.2d 383, 395 [121 P.2d 829].)" (*People* v. *Pearson* (1952) 111 Cal.App.2d 9, 30 [244 P.2d 35].)

The state does not seriously contend to the contrary, arguing strenuously however that the reports are exempt from disclosure under section 6254 subdivisions (f) and (k) as being investigatory records compiled by a state agency. In *Cook* v. *Craig, supra,* 55 Cal.App.3d 773, at pages 782-783, this court suggested such approach, saying: "Defendants' justification for refusing to disclose that which was sought herein must be found, if at all, in the exemptions for particular records set out in section 6254, the 'islands of privacy upon the broad seas of enforced disclosure.' (*Black Panther Party* v. *Kehoe, supra,* 42 Cal.App.3d [645] at p. 653 [117 Cal.Rptr. 106].)

"Section 6254 provides in part: 'Except as provided in Section 6254.7, nothing in this chapter shall be construed to require disclosure of records that are:

" '. . . . . . . . . . . . . . . . . . . .

" '(f) Records of *complaints to or investigations conducted by,* or records of intelligence information or security procedures of, the office of the Attorney General and the Department of Justice, and *any state or local police agency,* or any such investigatory or security files compiled by any other state or local agency for correctional, law enforcement or licensing purposes;

" '. . . . . . . . . . . . . . . . . . .

" '(k) Records the disclosure of which is exempted or prohibited pursuant to provisions of federal or state law, including, but not limited to, provisions of the Evidence Code relating to privilege.' (Italics added.)" (Fn. omitted.)[3] While it is true these reports are deemed confidential by Vehicle Code section 20012 and perhaps privileged under Evidence Code section 1040, for reasons to follow they may not be exempt from disclosure in these cases. While the general public is denied access to this information such is not true with respect to parties involved in the incident or others who have a proper interest in the subject matter. For example, subdivision (f) of Government Code section 6254 provides in part that: "except that local police agencies shall disclose the names and addresses of persons involved in, or witnesses other than confidential informants to, the incident, the description of any property involved, the date, time, and location of the incident, all diagrams, statements of the parties involved in the incident, the statements of all witnesses, other than confidential informants, to the persons involved in an incident, or an authorized representative thereof, an insurance carrier against which a claim has been or might be made, . . ."

---

[3]Subsection (2) of subdivision (b) of section 1040 of the Evidence Code provides: "(b) A public entity has a privilege to refuse to disclose official information, and to prevent another from disclosing such information, if the privilege is claimed by a person authorized by the public entity to do so and: . . . [¶] (2) Disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice; but no privilege may be claimed under this paragraph if any person authorized to do so has consented that the information be disclosed in the proceeding. In determining whether disclosure of the information is against the public interest, the interest of the public entity as a party in the outcome of the proceeding may not be considered."

Vehicle Code section 20012 renders the reports confidential, "except that the Department of the California Highway Patrol or the law enforcement agency to whom the accident was reported shall disclose the entire contents of the reports, including, but not limited to, the names and addresses of persons involved in, or witnesses to, an accident, the registration numbers and descriptions of vehicles involved, the date, time and location of an accident, all diagrams, statements of the drivers involved in the accident and the statements of all witnesses, to any person who may have a proper interest therein, including, but not limited to, the driver or drivers involved, or the legal guardian thereof, the parent of a minor driver, the authorized representative of a driver, or to any person injured therein, the owners of vehicles or property damaged thereby, persons who may incur civil liability, including liability based upon a breach of warranty arising out of the accident, and any attorney who declares under penalty of perjury that he represents any of the above persons." Thus there exists an obvious exception to the exemption granted by section 6254.

Furthermore, the burden of establishing an exemption is upon the public agency. (§ 6255.) If for some reason not apparent to us, the department did in fact consider the instant reports to be exempt under the act, or otherwise not to be made public, the burden was upon it to so demonstrate before preparing and delivering copies. If no claim of confidentiality or exemption from disclosure was then and there asserted it is deemed waived. (Cf. *Black Panther Party* v. *Kehoe* (1974) 42 Cal.App.3d 645, 656 [117 Cal.Rptr. 106].)

The question remains—are the plaintiffs in the instant actions "interested or proper parties" within the statutory exceptions. Presumably so but the complaints fail to allege their status in these respects and for that reason do fail to state a cause of action. Under the circumstances it is appropriate to give plaintiffs an opportunity to amend their complaints in accordance with the views expressed herein in the event the facts so permit.

Assuming arguendo that the reports come within the purview of section 6257, the state would have us sustain the demurrers on a number of other grounds not considered below. It is argued that the demurrers were properly sustainable on theories of governmental immunity, lack of payment under protest, as being improper class actions, as lacking compliance with claim statutes and that no cause for refund of money has been stated. It is also argued that the Villagran complaint failed to state a

cause of action under Civil Code section 3369. While it may be true that our function on appeal is to review the validity of the ruling below, not the reasons therefor, we do not perceive our function to include an *ab initio* consideration of all of the grounds of the demurrer not heretofore considered below. It does not go so far as to render this court a law and motion department of the superior court. In view of our determination to allow time to amend, the propriety of the remaining grounds of demurrer can be considered in due course.

The order of dismissal in each case is reversed and the causes remanded with instructions for the court below to sustain the demurrers with leave to amend.

Potter, Acting P. J., and Cobey, J., concurred.

Petitions for a rehearing were denied March 20, 1979, and respondents' petitions for a hearing by the Supreme Court were denied May 10, 1979.