TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

------------------------------

|  |  |
|---|---|
| OPINION | : |
| | : No. 87-704 |
| of | : |
| | : January 14, 1988 |
| JOHN K. VAN DE KAMP | : |
| Attorney General | : |
| | : |
| RODNEY O. LILYQUIST | : |
| Deputy Attorney General | : |

-----------------------------------------------------------------

THE HONORABLE DWIGHT L. HERR, COUNTY COUNSEL, COUNTY OF SANTA CRUZ, has requested an opinion on the following question:

Does the lawyer-client privilege or work-product rule, when relied upon by a public officer, automatically terminate with the settlement or adjudication of the underlying claim?

CONCLUSION

The lawyer-client privilege and work-product rule, when relied upon by a public officer, do not automatically terminate with the settlement or adjudication of the underlying claim.

ANALYSIS

In 70 Ops.Cal.Atty.Gen. 28 (1987), we recently concluded that the lawyer-client privilege (see Evid. Code, §§ 953-954) and the work-product rule (see Code Civ. Proc., § 2018) could be relied upon in a grand jury proceeding to prevent disclosure of requested information and that a public officer was entitled to claim the protection of the privilege and rule regardless of the "official information" privilege of Evidence Code section 1040. Left unanswered in the opinion was whether the lawyer-client privilege or work-product rule automatically terminated for the public officer when the underlying claim was settled or adjudicated. (Id. at p. 38, fn. 9.) We now address that question.

If the person claiming the privilege or relying upon the rule were not a public officer, our task would be a simple one. The Legislature has set forth in the Evidence Code the characteristics of the lawyer-client privilege, including its extension beyond any adjudication or settlement of a claim. (See

Evid. Code, §§ 953-954; Cal. Law Revision Com. com., Deering's Ann. Evid. Code, § 954, p. 120.)  As for the work-product rule, it also extends beyond any adjudication or settlement of the underlying claim.  (See Code Civ. Proc., § 2018; National Steel Products Co. v. Superior Court (1985) 164 Cal.App.3d 476, 486; Fellows v. Superior Court (1980) 108 Cal.App.3d 55, 62-63; Popelka, Allard, McCowan & Jones v. Superior Court (1980) 107 Cal.App.3d 496, 501-502.)[1]

What is different about public officers, however, is that they are subject to the California Public Records Act (Gov. Code, §§ 6250-6257; "Act")[2] which was enacted "for the explicit purpose of 'increasing freedom of information' by giving the public 'access to information in possession of public agencies' [citation]." (C.B.S., Inc. v. Block (1986) 42 Cal.3d 646, 651.)

While the general policy of the Act is to require the disclosure of government information, it contains exceptions allowing the withholding of government records in limited circumstances.  With respect to judicial proceedings, section 6260 states:

> "The provisions of this chapter shall not be deemed in any manner to affect the status of judicial records as it existed immediately prior to the effective date of this section, nor to affect the rights of litigants, including parties to administrative proceedings, under the laws of discovery of this state, nor to limit or impair any rights of discovery in a criminal case."

---

[1] In our prior opinion, we described the two categories of the work-product rule; one is a conditional privilege and the other is an absolute privilege.  (70 Ops.Cal.Atty.Gen. 28, 32 (1987).)  In Fellows v. Superior Court, supra, 108 Cal.App.3d 55, 62-63, the court concluded that continuance of the rule "for subsequent litigation applies both to work product which falls within the conditional portion of the privilege and to work product which falls within the absolute portion of the privilege."  (See National Steel Products Co. v. Superior Court, supra, 164 Cal.App.3d 476, 486-492; Rumac, Inc. v. Bottomley (1983) 143 Cal.App.3d 810, 816, fn. 8; Propelka, Allard, McCowan & Jones v. Superior Court, supra, 107 Cal.App.3d 496, 501-502; 1 De Meo, Cal. Deposition and Discovery Practice (1987) § 28.06 [3]; 2 Witkin, Cal. Evidence (3d ed. 1986) § 1145; Privileges for the Trial and Business Lawyer (Cont.Ed.Bar 1983) § 2.19; Jefferson, Cal. Evidence Benchbook (1982) § 41.2.)

[2] All references hereafter to the Government Code are by section number only.

In addition to section 6260 (see Shepherd v. Superior Court (1976) 17 Cal.3d 107, 124), subdivision (k) of section 6254 specifically exempts from disclosure:

> "Records the disclosure of which is exempted or prohibited pursuant to provisions of federal or state law, including, but not limited to, provisions of the Evidence Code relating to privilege."

In light of these exclusions, it would seem undeniable that the lawyer-client privilege and work-product rule could be relied upon by a public officer to their full extent without concern for the disclosure requirements of the Act. Well-established principles of statutory construction support such a conclusion. "[E]very statute should be construed with reference to the whole system of law of which it is a part, so that all may be harmonized and have effect." (Moore v. Panish (1982) 32 Cal.3d 535, 541.) "Wherever possible, potentially conflicting provisions should be reconciled . . . ." (Wells v. Marina City Properties, Inc. (1981) 29 Cal.3d 781, 788.) To the extent, then, that a public officer were otherwise able to rely upon the privilege or rule, including extension beyond adjudication or settlement of any underlying claim, the Act appears to allow the assertion of such right.

A different exemption provision of the Act, however, somewhat complicates our resolution and forms the basis for the question. Subdivision (b) of section 6254 allows the withholding of government records under the following circumstances:

> "Records pertaining to pending litigation to which the public agency is a party, or to claims made pursuant to Division 3.6 (commencing with Section 810), until the pending litigation or claim has been finally adjudicated or otherwise settled."[3]

This statutory exemption is temporary; it terminates when "the pending litigation or claim has been finally adjudicated or otherwise settled."

In State of California ex rel. Division of Industrial Safety v. Superior Court (1974) 43 Cal.App.3d 778, 783, the Court of Appeal stated with respect to this disclosure exemption:

> "Subdivision (b) exempts from disclosure records pertaining to pending litigation to which a public agency is a party. This essentially provides public agencies with the protection of the attorney-client privilege,

_____

[3]The California Tort Claims Act (§§ 810-996.6) governs claims and actions filed against public entities and public employees.

including work product, for a limited period while there is ongoing litigation."

If subdivision (b) of section 6254 provides public agencies with the protection of the attorney-client privilege and work-product rule, what is the purpose of subdivision (k)?

We believe that the Industrial Safety case must be limited to its own unique set of facts. No lawyer-client privilege or work-product rule was being asserted by the public agency; indeed, the court specifically found that the challenged order "does not require the disclosure of any documents or records coming within the attorney-client privilege." (Id. at p. 783.) By use of the word "essentially," the court cannot be said to have equated lawyer-client communications, work-product files, and litigation records. The terms are not coextensive. Just as lawyer-client communications and work-product files are not identical (see 70 Ops.Cal.Atty.Gen. 28, 29-35 (1987)), a record may pertain to pending litigation without being a confidential communication between lawyer and client or produced at the initiative of the attorney in preparation for trial. More importantly, the court gave no indication that the Act purports to cover judicial discovery rules, evidentiary matters, or privileges governed by other statutory schemes.

Even assuming that a record came within subdivision (b) of section 6254 and was no longer exempt from disclosure under its provisions, other exemptions contained in the Act must necessarily be considered. No single exemption from public disclosure under the Act controls any other; each requires examination as to its applicability. (See Vallejo v. California Highway Patrol (1979) 89 Cal.App.3d 781, 784-787; Berkeley Police Assn. v. City of Berkeley (1977) 76 Cal.App.3d 931, 941; Cook v. Craig (1976) 55 Cal.App.3d 773, 782-784; Black Panther Party v. Kehoe (1974) 42 Cal.App.3d 645, 652-656.) We are directed to interpret statutes so as to "produce internal harmony, avoid redundancy and accord significance to every word and phrase" (Pacific Legal Foundation v. Unemployment Ins. Appeals Bd. (1981) 29 Cal.3d 101, 114); "a statute should not be given a construction that results in rendering one of its provisions nugatory." (People v. Craft (1986) 41 Cal.3d 554, 560.) As one commentator has appropriately observed with respect to the specific provisions of subdivision (b) of section 6254:

"The exemption remains applicable until final settlement of the claim, at which time the exemption ceases to apply, and the information must be made available, unless another exemption becomes applicable." (Comment, A Look at the California Public Records Act and its Exemptions (1984) 4 Golden Gate L.Rev. 203, 216, emphasis added.)

Accordingly, after pending litigation has been adjudicated or settled, the provisions of subdivision (k) of section 6254 would remain applicable if the material came within the lawyer-client privilege or work-product rule.

The lawyer-client privilege is provided in order to promote full disclosure in the relationship between lawyer and client. (See Mitchell v. Superior Court (1984) 37 Cal.3d 591, 599; City & County of San Francisco v. Superior Court (1951) 37 Cal.2d 227, 235; American Mut. Liab. Ins. Co. v. Superior Court (1974) 38 Cal.App.3d 579, 593.) For lawyers and specified others, the work-product rule is to "(1) provide an incentive for thorough preparation of their case for trial, (2) promote the investigation of not only the strengths but also the weaknesses of their case, and (3) prevent one party from taking unfair advantage of another party's industry and efforts." (Code Civ. Proc., § 2018, subd. (a); see People v. Collie (1981) Cal.3d 43 Cal.3d 43, 60, fn. 13; National Steel Products Co. v. Superior Court, supra, 164 Cal.App.3d 476, 486; Rumac, Inc. v. Bottomley, supra, 143 Cal.App.3d 810, 815; Popelka, Allard, McGowan & Jones v. Superior Court, supra, 107 Cal.App.3d 496, 501.) The purposes of the rule and privilege and the full application of each are as important to government lawyers as to those in private practice. (See Holm v. Superior Court (1984) 42 Cal.2d 500, 506-509; City and County of S.F. v. Superior Court, supra, 37 Cal.2d 227, 234-237; City of Long Beach v. Superior Court (1976) 64 Cal.App.3d 65, 71-72; People v. Boehm (1969) 270 Cal.App.2d 13, 21; Sacramento Newspaper Guild v. Sacramento County Bd. of Suprs. (1968) 263 Cal.App.2d 41, 53-54; Jessup v. Superior Court (1957) 151 Cal.App.2d 102, 107-110.)

In answer to the question presented, therefore, we conclude that the lawyer-client privilege and work-product rule, when claimed by a public officer, do not automatically terminate upon settlement or adjudication of the underlying claim.

*  *  *  *  *