TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | No. 95-607 |
| | : | |
| of | : | September 13, 1996 |
| | : | |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| MAXINE P. CUTLER | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE BILL HOGE, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following question:

Are the records of intelligence information and security procedures incorporated into the gang reporting, evaluation, and tracking system by law enforcement agencies subject to public disclosure under the Public Records Act?

CONCLUSION

The records of intelligence information and security procedures incorporated into the gang reporting, evaluation, and tracking system by law enforcement agencies are not subject to public disclosure under the Public Records Act.

ANALYSIS

The gang reporting, evaluation, and tracking ("GREAT") system provides a computer database of criminal street gang[1] activity compiled by the Department of Justice and local law

---

[1] A "criminal street gang" is defined in Penal Code section 186.22, subdivision (f) as "any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of . . . criminal acts . . . , a common name or common identifying symbol, and whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity."

enforcement agencies. The system allows information concerning gang members to be immediately accessed by all law enforcement agencies throughout the state.

The question presented for resolution is whether the California Public Records Act (Gov. Code, §§ 6250-6268; "Act")[2] requires public disclosure of the records of intelligence information and security procedures incorporated into the GREAT system.[3] We conclude that such records are exempt from disclosure under the Act.

The Act generally requires a state or local agency to allow members of the public to inspect and obtain copies of records in its custody. (§§ 6250, 6252, 6253, 6257.) The Legislature has declared that "access to information concerning the conduct of the People's business is a fundamental and necessary right of every person in this state." (§ 6250.) The general policy of the Act favors disclosure. "Support for a refusal to disclose information `must be found, if at all, among the specific exceptions to the general policy that are enumerated in the Act.'" (*Vallejos* v. *California Highway Patrol* (1979) 89 Cal.App.3d 781, 784.)

The terms of subdivision (f) of section 6254 requires our analysis to resolve the issues presented.[4] Subdivision (f) provides in part that nothing in the Act shall be construed to require disclosure of:

"Records of complaints to, or investigations conducted by, or records of intelligence information or security procedures of, the office of the Attorney General and the Department of Justice, and any state or local police agency, or any investigatory or security files compiled by any other state or local police agency, or any investigatory or security files compiled by any other state or local agency for correctional, law enforcement, or licensing purposes. . . ."[5]

The GREAT system is a computer database of criminal street gang activity. Documents and information incorporated into the GREAT system that comprise records of intelligence information fall within the exemption of section 6254, subdivision (f). Such records include information that might lead to the identification of persons named in the reports, that might lead to the identification of persons who had supplied information in confidence, and information that was

---

[2] All section references are to the Government Code unless otherwise specified.

[3] We note that an actual request for disclosure of a public record must be limited, focused, and specific. (*Rogers* v. *Superior Court* (1993) 19 Cal.App.4th 469, 480-481.)

[4] The Act's exemptions are permissive, not mandatory; they permit nondisclosure but do not prohibit disclosure. When an agency exercises its permissive disclosure authority, public inspection thereafter may not be denied. (*Black Panther Party* v. *Kehoe* (1974) 42 Cal.App.3d 645, 656.) Of course, disclosure to other law enforcement agencies through the GREAT system would not constitute a waiver of any exemption.

[5] An examination of the other exemptions of section 6254 or the "catch-all" provision of section 6255 (see *CBS, Inc.* v. *Block* (1986) 42 Cal.3d 646, 672; 78 Ops.Cal.Atty.Gen. 103, 106 (1995)) is beyond the scope of this opinion.

supplied in confidence by its original source.  (*Williams* v. *Superior Court* (1993) 5 Cal.4th 337, 352; *ACLU* v. *Deukmejian* (1982) 32 Cal.3d 440, 449-450.)   Information is not "confidential" in this context unless treated as confidential by its original source.  "Thus, information does not become confidential because the California Department of Justice and the submitting law enforcement agency agree to treat it as such; it is confidential only if the law enforcement agency obtained it in confidence originally." (*ACLU* v. *Deukmejian*, *supra*, 32 Cal.3d at 450, fn. 11.)

Records pertaining to security procedures incorporated into the GREAT system are also exempt from disclosure under the terms of section 6254, subdivision (f).  Documents or portions of documents that deal with security and safety procedures need not be disclosed.  (*Northern California Police Project* v. *Craig* (1979) 90 Cal.App.3d 116, 119-122.)   Any information that would compromise the security of the GREAT system would be exempt from disclosure, including information that would allow or enhance the possibility of unauthorized access to the system. Information in manuals and training procedures instructing personnel on access codes and security procedures for using the system would be exempt.[6]

We conclude that the records of intelligence information and security procedures incorporated into the GREAT system by law enforcement agencies are not subject to public disclosure under the Public Records Act.

* * * * *

---

[6]  Nonexempt information which is not inextricably intertwined with exempt material and is reasonably segregable is subject to disclosure.  (*Northern Cal. Police Project* v. *Craig*, *supra*, 90 Cal.App.3d at 124.)  If segregation of exempt information will so reduce the utility of the document that the public interest will not be served by disclosure, it need not be segregated and disclosed.  (*American Civil Liberties Foundation* v. *Deukmejian*, *supra*, 32 Cal.3d at 444.)  The cost and burden of segregating exempt from nonexempt material may be considered in making this determination.  (*Id.*, at p. 453.)