Filed 6/2/15  Valencia v. Wells Fargo Bank CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| NESTOR E. VALENCIA et al., | B254999 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC517066) |
| v. | |
| WELLS FARGO BANK et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Michael L. Stern, Judge.  Affirmed.

Law Offices of Robert K. Kent, Robert K. Kent; Law Offices of Steven Wolfson, Steven Wolfson for Plaintiffs and Appellants.

Kutak Rock, Jeffrey S. Gerardo, Steven M. Dailey, Antoinette P. Hewitt for Defendant and Respondent Wells Fargo Bank.

Wright Finlay & Zak, Jonathan D. Fink, Bradford E. Klein for Defendant and Respondent First American Title Insurance Company.

_____

Plaintiffs Nestor and Nilza Valencia sued their lender and the trustee who sold their home at auction to a third party bidder after plaintiffs defaulted on their loan obligation. The trial court dismissed plaintiffs' lawsuit after sustaining demurrers without leave to amend. We affirm.

## FACTS[1]

Plaintiffs owned real property in Bell (the Property). In 2004, they executed a promissory note for $266,250, secured by a deed of trust on the Property. At inception, the beneficiary of the trust deed was Mortgage Electronic Registration Systems (MERS), as nominee for the lender. In August 2012, MERS assigned all beneficial interest in the trust deed to defendant Wells Fargo Bank (the Bank).

Plaintiffs acknowledge that "in the event they defaulted on their loan obligation, plaintiffs granted their lender the power to sell their property and recover any outstanding balance owed." Plaintiffs did, in fact, default on their loan obligation. On October 22, 2012, defendant First American Title Insurance Company (First American) recorded a notice of default against the Property. Plaintiffs refer to First American as the Bank's "purported representative" and as "a stranger" to the loan who "lacked the requisite authority" to sell the Property.

On January 25, 2013, First American recorded a notice of trustee's sale against the Property. Soon after, plaintiffs applied for a loan modification, complying with every request for documentation until the Bank told them no further documents were needed. The sale scheduled for February 20, 2013, was postponed multiple times.

On July 5, 2013, First American sold the Property at auction to third party purchasers. Plaintiffs were not notified of the Bank's decision on their request for a loan modification. A trustee's deed upon sale was recorded.

---

[1]     The facts are derived from plaintiffs' first amended complaint (FAC), including its exhibits, and from matters subject to judicial notice. (Code Civ. Proc., § 430.30, subd. (a); *Skov v. U.S. Bank National Assn.* (2012) 207 Cal.App.4th 690, 695.)

Plaintiffs accuse the Bank of "superficially reviewing" their request for a loan modification and "going through the motions" to claim compliance with state law, after assuring them that the sale would not go forward. Plaintiffs did not tender their debt to the Bank. They still reside on the Property.

## PROCEDURAL HISTORY

Plaintiffs filed suit in August 2013. When defendants demurred to the complaint, plaintiffs filed a FAC. Defendants demurred to the FAC and asked the trial court to take judicial notice of recorded documents. The trial court sustained defendants' demurrers to the FAC without leave to amend. The lawsuit was dismissed and judgment was entered for defendants on January 22, 2014. The appeal is timely.

## DISCUSSION

### 1. Ruling on Demurrer

Appeal lies from the judgment of dismissal after demurrers are sustained without leave to amend. (Code Civ. Proc., §§ 581d, 904.1, subd. (a)(1); *Serra Canyon Co. v. California Coastal Com.* (2004) 120 Cal.App.4th 663, 667; *Tanen v. Southwest Airlines Co.* (2010) 187 Cal.App.4th 1156, 1162.) We review de novo the ruling on the demurrers, exercising our independent judgment to determine whether a cause of action has been stated. (*Desai v. Farmers Ins. Exchange* (1996) 47 Cal.App.4th 1110, 1115.) We assume that properly pleaded material allegations are true. (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

Plaintiffs complain that the trial court did not specify the specific grounds for sustaining the demurrers. (Code Civ. Proc., § 472d.) The court sustained the demurrers "for the reasons stated in the moving papers." Plaintiffs provided no reporter's transcript showing that they asked the trial court to state the basis for its decision, so the argument is waived. (*Brown v. State of California* (1993) 21 Cal.App.4th 1500, 1506.) While stating specific grounds for sustaining demurrers may be helpful for purposes of amendment to address the court's concerns, failure to state reasons is harmless error on appeal: review is de novo, so the trial court's reasoning does not play a part in determining whether plaintiffs have stated a claim. (*Ibid.*; *Vallejos v. California*

3

*Highway Patrol* (1979) 89 Cal.App.3d 781, 783 [we review the validity of the court's action in sustaining demurrers, not its reasoning].)

    a. <u>Wrongful Foreclosure Claim</u>

    Plaintiffs acknowledge that the state has "a comprehensive legislative scheme designed to provide adequate protection to the borrower against forfeitures." (*Smith v. Allen* (1968) 68 Cal.2d 93, 96.) They concede that a properly conducted nonjudicial foreclosure sale is a final adjudication of the borrower's rights, ends any right of redemption, and precludes a challenge by the borrower of a sale to a bona fide purchaser. (*Biancalana v. T.D. Service Co.* (2013) 56 Cal.4th 807, 813-814; *Moeller v. Lien* (1994) 25 Cal.App.4th 822, 831-832.)

    Plaintiffs allege that the Bank never gave First American authority to initiate nonjudicial foreclosure proceedings against the Property. Plaintiffs claim that First American was a stranger to the Property, and could not record a notice of default or auction the Property. As a result, the sale was void.

    "Wrongful foreclosure is an action in equity, where a plaintiff seeks to set aside a foreclosure sale" and have title restored. (*Lane v. Vitek Real Estate Industries Group* (E.D.Cal. 2010) 713 F.Supp.2d 1092, 1097; *Ram v. OneWest Bank, FSB* (2015) 234 Cal.App.4th 1, 10-11.) The elements of the claim are: (1) the trustee caused an illegal, fraudulent or willfully oppressive sale of real property pursuant to a deed of trust; (2) the plaintiff suffered prejudice or harm; and (3) the trustor tendered the amount of the secured indebtedness or was excused from tendering. (*Ram*, at p. 11; *West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 800.)

    The Legislature authorizes a "trustee, mortgagee, or beneficiary, or *any of their authorized agents*" to initiate foreclosure with a notice of default. (Civ. Code, § 2924, subd. (a)(1), italics added.) Even before First American became the substituted trustee, it could issue a notice of default on behalf of the Bank, as an agent. There is no right under Civil Code section 2924 to have a court determine whether the owner of a note "has authorized its nominee to initiate the foreclosure process." (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1154.)

4

With respect to plaintiffs' claim that the sale was void because First American was not the trustee, the trial court took judicial notice of a recorded document in which the Bank appointed First American as trustee in October 2012, three months before First American recorded a notice of sale and nine months before the Property was sold at auction. A recorded substitution of trustee is "conclusive evidence of the authority of the substituted trustee or his or her agents to act." (Civ. Code, § 2934a, subd. (d); *West v. JPMorgan Chase Bank, N.A.*, *supra*, 214 Cal.App.4th at p. 801.) The beneficiary under a deed of trust may substitute trustees, if notice is given to interested parties. (Civ. Code, § 2934a, subd. (c).) An affidavit attached to the substitution of trustee form declares that the required notice was given. First American had authority to act, first as the Bank's agent and then as trustee. The sale was not illegal.

Critically, plaintiffs did not allege the third element of a wrongful foreclosure claim, a tender of the indebtedness. An action to set aside a trustee's sale must be accompanied by an offer to pay *the full amount* of the secured debt: if the borrower cannot pay the full debt, setting a sale aside for alleged irregularities is a futile act. (*Arnolds Management Corp. v. Eischen* (1984) 158 Cal.App.3d 575, 578-579.)

Plaintiffs contend that they are excused from tendering the full amount of their debt, reasoning that it would be inequitable to require payment of the debt because they "seemingly qualified for a loan modification," "were never advised by Wells Fargo that they did not qualify," "submitted all documents requested by Wells Fargo," and never heard that the Bank denied a modification. For the first time, plaintiffs now maintain that they had liquid funds to pay the delinquency and bring the loan current.

Tender of the debt may be excused if "specific circumstances make it inequitable to enforce the debt against the party challenging the sale." (*Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052, 1062.) If plaintiffs had cash to pay the delinquency, they had the ability to stop the sale of the Property. In an eleventh-hour claim that respondents had no opportunity to rebut, plaintiffs assert that First American gave no notice of the date and time for the auction. We disregard claims omitted from an opening brief. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.)

5

As a rule, a sale may be postponed for up to one year without a new notice of sale. (Civ. Code, § 2924g, subd. (c)(2).) Even if notice was inadequate, it does not invalidate an otherwise valid sale. (Civ. Code, § 2924, subd. (a)(5).) The opening brief suggests that plaintiffs knew about the auction before it took place. Plaintiffs' failure to pay the delinquency prior to the auction is not a reason to nullify a sale to a third party.

### b. *Violation of Civil Code Section 2924.18*

Plaintiffs rely on provisions in the Homeowners' Bill of Rights (HBOR), which took effect January 1, 2013. The Notice of Default and Election to Sell Under Deed of Trust, attached to plaintiffs' FAC, was recorded on October 22, 2012. Though the foreclosure process on the Property began before HBOR took effect, plaintiffs allege that certain wrongful acts—specifically, dual tracking of a loan modification and the foreclosure sale—occurred while HBOR was in effect.

Plaintiffs allege that the foreclosure sale should have been enjoined because they had a pending loan modification application under HBOR. They rely on Civil Code section 2924.18, which applies to small-volume depository institutions. (*Id.*, subd. (b) [banks that foreclose on fewer than 175 properties].) Plaintiffs have not alleged that Wells Fargo falls within the size limitation imposed by statute, nor could they, because the Bank is simply too large. (*Major v. Wells Fargo Bank, N.A.* (S.D.Cal. 2014) 2014 U.S.Dist. LEXIS 114977, at p. *6 ["Wells Fargo . . . given its size, has 175 or more foreclosures in a reporting period"].)

Plaintiffs assert that the Bank must prove that it is exempt from Civil Code section 2924.18, owing to its size. Plaintiffs are mistaken: it is their duty to allege that each element of the statute is met. In any event, the case law holds that the statute does not apply to Wells Fargo as a matter of law.

A similar statute applies to large banks, Civil Code section 2923.6, which states that if a borrower "submits a complete application" for a modification, the lender shall not record a notice of default, a notice of sale, or conduct a trustee's sale while the application is pending. (*Id.*, subd. (c).) An application is "'complete'" when the borrower has supplied all documents required by the lender. (*Id.*, subd. (h).) The FAC

alleges that plaintiffs fully complied with each and every request, until the Bank's representatives said that no further documents were needed.

Even if plaintiffs meant to allege a claim under Civil Code section 2923.6, it still fails. The statute "outlines legislative policy encouraging loan modifications where reasonable. [It] does not impose a duty upon Wells Fargo to negotiate or provide a loan modification, nor does it provide a claim for relief. [Citation.] Accordingly, [plaintiff] cannot seek relief by alleging a violation of § 2923.6" (*Stowers v. Wells Fargo Bank, N.A.* (N.D.Cal. 2014) 2014 U.S. Dist. LEXIS 41712, at p. *13; *Runaj v. Wells Fargo Bank* (S.D.Cal. 2009) 667 F.Supp.2d 1199, 1207; *Pantoja v. Countrywide Home Loans, Inc.* (N.D.Cal. 2009) 640 F.Supp.2d 1177, 1188.) The Bank does not owe plaintiffs any duty under this permissive statute to offer a loan modification or workout plan. (Civ. Code, § 2923.6, subd. (b); *Runaj*, at pp. 1207-1208; *Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 222.)

### c. *Cancellation of Instruments*

Plaintiffs allege that the notice of default and the trustee's deed upon sale are void and should be cancelled. As previously discussed, First American had authority to record the notice of default as the Bank's agent or nominee, and it had authority to conduct the trustee's sale as the substituted trustee. The instruments are not void.

### d. *Unfair Competition Law*

Plaintiffs allege that the Bank and First American violated the Unfair Competition Law by committing an unlawful practice in violating Civil Code sections 2924, 2932.5, and 2924.18, and Penal Code sections relating to the filing of false documents. Civil Code section 2932.5 relates to a mortgagee's power of sale following an assignment. The statute does not apply to deeds of trust. (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 518; *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1509-1510; *Haynes v. EMC Mortgage Corp.* (2012) 205 Cal.App.4th 329, 332-337.) Civil Code section 2924 broadly authorizes a trustee, mortgage, beneficiary "or any of their authorized agents" to initiate foreclosure, giving First American the right to initiate foreclosure and conduct a foreclosure sale as the Bank's

7

nominee and later as substitute trustee. (*Jenkins*, at p. 513.) As noted, Civil Code section 2924.18 does not apply to the Bank, as a large-volume servicer. The Penal Code does not apply because the Bank had the right to appoint First American to record documents relating to the foreclosure.

**2. Leave To Amend**

Plaintiffs contend that the trial court abused its discretion by denying leave to amend. Leave to amend is "open on appeal"; however, there must be a reasonable possibility that an amendment would cure any defects. (Code Civ. Proc., § 472c, subd. (a); *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) "The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) The papers must spell out how an amendment can cure a defect or change the legal effect of the pleading. Leave to amend should not be granted if it would be an exercise in futility. (*Long v. Century Indemnity Co.* (2008) 163 Cal.App.4th 1460, 1467-1468.)

*a. Violation of a Postponement Agreement*

Plaintiffs assert that they "clearly allege[] that the agreement to postpone was violated." They do not describe the terms of a mutual agreement to postpone the trustee's sale. This court has held that an agreement by a lender to forbear from exercising the right of foreclosure under a deed of trust comes within the statute of frauds and must be in writing: a gratuitous oral promise not to foreclose is "unenforceable." (*Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 120-121; *Raedeke v. Gibraltar Sav. & Loan Assn.* (1974) 10 Cal.3d 665, 673.)

Plaintiffs' reliance on an alleged oral promise to postpone the foreclosure sale— and their effort to obtain a loan modification—cannot be the basis for setting aside the sale. In *Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, the plaintiffs claimed "that the foreclosure was conducted in violation of an oral promise to postpone the sale." (*Id.* at p. 444.) However, the court "conclude[d] that the foreclosure sale may not be set aside based on the lender's alleged breach of an oral agreement to postpone the trustee's sale." (*Id.* at p. 445.) The Bank's alleged promise to postpone and plaintiffs' efforts to secure a

8

loan modification are outside the confines of the statutory proceeding, and cannot form the basis of an equitable order to invalidate the foreclosure sale after the trustee has delivered the deed to the purchaser. (Cf. *Residential Capital v. Cal-Western Reconveyance Corp.* (2003) 108 Cal.App.4th 807, 811, 823-824 [foreclosure sale could be set aside when a trustee mistakenly sells property after the borrower and lender agreed to a repayment plan, which cured the default and reinstated the loan].)

Plaintiffs only show that the Bank unilaterally postponed the sale while examining their request for a loan modification. They do not claim that they paid the Bank any consideration to remain on the Property for years—rent-free and mortgage-free. Plaintiffs do not propose to show that the Bank promised them a modification, then reneged on the promise.

To the extent that plaintiffs are trying to allege that the Bank failed to comply with the requirements of Civil Code section 2924g for postponing a trustee's sale, the claim fails because plaintiffs fail to allege a tender of the indebtedness, as is necessary when attempting to set aside a foreclosure due to irregularities in notice or procedure. (*West v. JPMorgan Chase Bank, N.A.*, *supra*, 214 Cal.App.4th at pp. 801-802.)

b. *Negligence*

Plaintiffs seek to amend to allege a cause of action for negligence, theorizing that the Bank's handling of their application for a loan modification fell below the standard of reasonable care. A lender does not owe a borrower a common law duty "to offer, consider, or approve" a loan modification. (*Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 67.) However, the lender may not make material misrepresentations about the status of a loan modification application or about the time, date or status of a foreclosure sale. (*Id.* at p. 68.) Nor may a lender fail to process an application in a timely manner or lose documents when handling a modification request. (*Alvarez v. BAC Home Loans Servicing, L.P.* (2014) 228 Cal.App.4th 941, 951.)

Plaintiffs do not offer any specific facts showing negligence. The Bank had no duty to approve their application or modify their loan. Plaintiffs do not show that the Bank made material misrepresentations about the status of their application, misled them

9

about the date of the foreclosure sale, or lost their documents  (See also *Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1500 [borrowers' conclusory allegations that they would have obtained a replacement loan does not state a cause of action].)  Instead, plaintiffs offer generalities about the harm of losing their home.

Contracting for a loan that exceeds one's means poses a risk of losing in foreclosure the home that serves as security for the loan.  Plaintiffs defaulted on their loan.  Once they learned that the Bank was proceeding with a foreclosure sale, they could have reinstated the loan by paying the deficiency.  They did not do so.  They did not seek bankruptcy protection.  Plaintiffs cannot claim harm after the Bank foreclosed on the security for their debt.  There is no moral blame attached to the Bank's conduct because the Bank did not cause plaintiffs' inability to repay their loan and resulting default.  (*Lueras v. BAC Home Loans Servicing, LP*, *supra*, 221 Cal.App.4th at p. 67.)

c.  *Fraud*

Plaintiffs seek to assert a claim of fraud.  They contend that the Bank had them submit documents for a loan modification; postponed the foreclosure sale several times; did not tell plaintiffs that they would not qualify for a modification; and failed to tell plaintiffs that their application was denied.  This led plaintiffs to believe that they did not have to take any action.

Appellants have not put forward sufficient facts to constitute a cause of action for fraud, the elements of which are (1) a material misrepresentation; (2) knowledge of its falsity; (3) intent to induce reliance; and (4) justifiable detrimental reliance.  (*Beckwith v. Dahl* (2012) 205 Cal.App.4th 1039, 1060.)  They must allege facts showing how, when, where and to whom misrepresentations were made, to show every element of fraud.  (*Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, 73.)  With a corporate defendant, appellants must allege the names of the persons who made misrepresentations, what they said, and their authority to speak for the corporation.  (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645.)

There is no factual support for the notion that the unidentified person(s) plaintiffs spoke to had executive authority to postpone sales on behalf of the Bank.  Plaintiffs offer

10

ambiguity when definiteness is required. Merely submitting loan modification paperwork to a bank is not justifiable detrimental reliance. (*Lueras v. BAC Home Loan Servicing, LP*, *supra*, 221 Cal.App.4th at p. 79.)

  d. <u>*Promissory Estoppel*</u>

  Under the promissory estoppel doctrine, a promise is made to induce action or forbearance on the part of the promisee, causing detrimental reliance by the promisee. (*Platt Pacific, Inc. v. Andelson* (1993) 6 Cal.4th 307, 320-321.) To be binding, the promise "'must be clear and unambiguous.'" (*Cotta v. City and County of San Francisco* (2007) 157 Cal.App.4th 1550, 1566; *CalFarm Ins. Co. v. Krusiewicz* (2005) 131 Cal.App.4th 273, 284.) Estoppel is disfavored, so it is incumbent on the person asserting it to leave nothing to surmise. (*Landberg v. Landberg* (1972) 24 Cal.App.3d 742, 758-759.) The doctrine is simply "'inapplicable where no clear promise is made.'" (*Lange v. TIG Ins. Co.* (1998) 68 Cal.App.4th 1179, 1185.)

  Plaintiffs have not shown a clear and unambiguous promise meant to induce reliance. Preliminary negotiations or discussions between borrower and lender cannot form the basis for an estoppel: they are not sufficiently precise. (*Laks v. Coast Fed. Sav. & Loan Assn.* (1976) 60 Cal.App.3d 885, 891.) The Bank did not promise to modify plaintiffs' loan and had no obligation to alter its contract with plaintiffs. Telling a borrower that a loan modification application is under review and no sale was scheduled is not an actionable promise. (*Granadino v. Wells Fargo Bank, N.A.* (2015) 2015 Cal.App. LEXIS 361, at pp. *7-8.)

**<u>DISPOSITION</u>**

  The judgment is affirmed.

  <u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

               BOREN, P.J.

We concur:

  ASHMANN-GERST, J.    HOFFSTADT, J.

11
