[Civ. No. 9937.   Second Appellate District, Division Two.—April 25, 1935.]

CALIFORNIA TRUST COMPANY (a Corporation), Respondent, v. SMEAD INVESTMENT COMPANY (a Corporation), Appellant.

Philip C. Farman for Appellant.

Swanwick, Donnelly & Proudfit and Donald O. Welton for Respondent.

CRAIL, J.—This is an appeal from a judgment in an action for a deficiency upon a promissory note which was secured by a deed of trust and after foreclosure thereof. The note and deed of trust were executed on June 12, 1929, in favor of the California Bank. The plaintiff herein was named as trustee in the deed of trust. On October 23, 1929, the note was assigned to the plaintiff and the plaintiff continued to be the owner thereof until it was surrendered to the court for cancellation upon entry of final judgment herein. On February 14, 1933, at a time when the note had become due and certain instalments of interest were unpaid and while the note was in the possession of the state treasurer of California, as plaintiff's pledgee, as a part of the $200,000 worth of security deposited by the plaintiff with said treasurer under the provisions of section 96 of the Bank Act, plaintiff caused notice of default and election to sell to be recorded in the office of the county recorder. More than a month prior to the foreclosure sale the plaintiff withdrew the note from the office of the state treasurer, substituting other collateral with him. The foreclosure sale was held on June 13, 1933, the property being purchased by the plaintiff for $27,000, leaving a deficiency unpaid, and the present action was commenced on November 16, 1933, for the purpose of obtaining a judgment for the deficiency and resulted in a judgment for the plaintiff as prayed in its complaint.

■ The principal contention of the defendant is that section 580a of the Code of Civil Procedure applies to all such actions commenced subsequent to its becoming law even though, as in this case, the trust deeds were executed prior to its enactment. There is no merit in the defendant's contention. This court has succinctly stated its reasons for its position with regard thereto in the case of *Bennett* v. *Superior Court*, 5 Cal. App. (2d) 13 [42 Pac. (2d) 80], Mr. Presiding Justice Albert Lee Stephens writing the opinion of the court.

■ The defendant next contends that the court has inherent equitable power to refuse to allow a deficiency judgment based on the forced sale price when the sale is attended with any unfairness or is made under conditions which would be inequitable or oppressive. The defendant cites no California cases in this behalf. He cites cases of other jurisdictions in which the courts have refused to approve sales under foreclosure judgments and executions because of inadequacy of sale price where the inadequacy resulted from mistake, misapprehension or inadvertence on the part of the interested parties or of intending bidders. It is obvious, however, the refusal to approve a sale and thus requiring a new or resale is quite another matter from refusing a judgment after the sale has been completed. Furthermore, in the instant case no claim of mistake, misapprehension or inadvertence is made by the defendant, nor is any claim made that the sale was attended with any unfairness or that it was made under conditions which would be inequitable or oppressive. We see nothing in the record which would amount to an abuse of discretion on the part of the trial court.

■ The defendant contends that the sale was accompanied with certain irregularities. In this regard he claims that paragraph G.1. of the trust deed required that when written declaration of default and demand for sale was made to the trustee, the beneficiary should at the same time deliver to the trustee the trust deed and the note. A second irregularity claimed by the defendant was that the plaintiff, being the trustee as well as the owner, was unauthorized to charge and collect, as it did, a trustee's fee for conducting the sale. As to the first alleged irregularity, it is our con-

clusion that manual delivery of the note and deed of trust was not necessary—symbolic delivery was sufficient. There is no claim by the defendant that harm or prejudice resulted to him from the symbolic delivery. An irregularity, even if one has occurred, is not sufficient to invalidate a trustee's sale in the absence of a claim that the irregularity operated to the injury of the owner. (25 Cal. Jur. 91, and cases cited.) ▇▇ With regard to the fees of the trustee, the courts of this state have repeatedly held that there is no impropriety in the payee of the note being also the trustee in the deed of trust. (25 Cal. Jur. 19, and cases cited.) No claim is made by the defendant that the fee charged was other than the customary fee in the community for like services and the court found that the charge was a reasonable one. The defendant's contention is that the plaintiff could not collect a fee for itself because it had become the owner of the note, but the plaintiff was the trustee from the beginning of the transaction and it was one of the agreements of the trust deed that in case of foreclosure sale the plaintiff would be entitled to a trustee's fee.

Finally the defendant contends that certain findings of the trial court were unsupported by the evidence. We have examined into these conditions and find that in each case the findings were supported by substantial evidence.

Judgment affirmed.

Willis, J., *pro tem.*, and Stephens, P. J., concurred.