**Cornelio PANTOJA, Plaintiff,**

v.

**COUNTRYWIDE HOME LOANS, INC., et al., Defendant.**

**No. C 09–01615 JW.**

United States District Court, N.D. California, San Jose Division.

July 9, 2009.

Thomas John Spielbauer, The Spielbauer Law Firm, Sunnyvale, CA, for Plaintiff.

Kalama M. Lui–Kwan, Sunny S. Huo, Severson & Werson a Professional Corporation, San Francisco, CA, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND

JAMES WARE, District Judge.

### I. INTRODUCTION

Cornelio Pantoja ("Plaintiff") brings this action against Countrywide Home Loans, Inc. ("Countrywide"), Bank of America Corp. ("Bank of America"), Old Republic Default Management Services, and Old Republic National Title Company ("Old Republic") (collectively, "Defendants"), alleging, *inter alia*, wrongful foreclosure and unfair business practices under pursuant to Cal. Bus. Prof.Code §§ 17200, 17500 *et. seq.* Plaintiff alleges that Defendants failed to disclose pertinent information

1. This Motion is brought by Defendant Bank of America and Countrywide.

2. Plaintiff originally filed this action in Santa Clara County Superior Court. On April 13, 2009, Defendants removed the action to this Court on the basis of federal question jurisdiction. (*See* Notice of Removal, Docket Item No. 1.)

3. (Notice of Removal and Removal, Ex. A, Complaint for Declaratory Judgment ¶ 1, hereafter, "Complaint," Docket Item No. 1.)

concerning Plaintiff's loan at the signing, in violation of federal and state laws, and failed to abide by requirements for notice of default and notice of trustee sale in violation of California law.

Presently before the Court is Defendants' Motion to Dismiss Complaint.[1] (hereafter, "Motion," Docket Item No. 20.) The Court conducted a hearing on June 8, 2009. Based on the papers submitted to date and oral argument, the Court GRANTS Defendants' Motion to Dismiss with leave to amend.

### II. BACKGROUND

#### A. Factual Allegations

In a Complaint filed on March 30, 2009,[2] Plaintiff alleges as follows:

Plaintiff is a resident of Santa Clara County, California.[3] Defendant Countrywide is a business entity in the state of California. (*Id.* ¶ 2.) Defendant Bank of America is a national banking entity that does business throughout the United States and in the state of California. (*Id.* ¶ 3.) Defendant Old Republic is a business entity that conducts business in Santa Clara County, California. (*Id.* ¶ 4.)

On June 27, 2006, Plaintiff secured a loan from Greenpoint Mortgage Lending, Inc. ("Greenpoint") for $514,400 to purchase a home at 580 La Sabre Court, Morgan Hill, California 95037 ("the Property").[4] (Complaint ¶ 16.) Green-

4. In their Motion, Defendants contend that the loan amount was for only $54,000. (Motion at 2.) The Court presumes that this is a typographical error since the Notice of Default provides that the loan was for the sum of $514,400. (Complaint ¶ 16; Complaint, Ex. 1, Notice of Default at 2, hereafter, "Notice of Default.")

point secured the loan by a deed of trust on the Property and was the beneficiary. (*Id.*) The note initially granted to Plaintiff a 7.125% interest rate for the first three years. (*Id.* ¶ 23.) After the first three years, the interest rate could go up to 12.125%, and six months later, the interest rate could cap at 13.125%. (*Id.*)

Prior to signing the loan, Plaintiff was promised that his monthly payment would be $3,054 per month, with an additional promise that his mortgage would be refinanced in six months to a fixed rate mortgage. (Complaint ¶ 17.) Further, Plaintiff was promised that his payments would always be $3,054 for the thirty year term of the mortgage. (*Id.*) At the time of the signing, not all copies of the loan documents were given to Plaintiff, and no explanations nor discussions occurred concerning the loan itself. (*Id.* ¶¶ 24–25.)

In June 2008, Plaintiff became delinquent on his mortgage payments. (Complaint ¶ 26.) On October 16, 2008, Old Republic recorded a Notice of Default upon Plaintiff's home. (*Id.* ¶ 30; Notice of Default.) The appointed trustee was Marin Conveyancing Corporation, but, in fact, Old Republic was the entity acting as trustee for the Notice of Default and the Notice of Trustee Sale. (Complaint ¶ 31.) The Notice of Default listed two beneficiaries: Greenpoint and Mortgage Electronic Registration Systems, Inc. ("MERS"). (*Id.* ¶ 32; Notice of Default.)

On December 9, 2008, Countrywide notified Plaintiff that the servicing of his mortgage had been assigned to Countrywide. On January 30, 2009, the Notice of Trustee Sale was recorded against the property. (Complaint ¶ 35; *Id.*, Ex. 2, Notice of Trustee Sale, hereafter, "Notice of Sale.") The Notice of Trustee Sale listed MERS as the beneficiary, but did not provide the name, address, and telephone number of MERS on the No-

tice. (Complaint ¶ 37; Notice of Sale.) The Notice of Sale initially set the date of February 26, 2009 as the date of the sale, but the sale date was postponed to April 1, 2009. (Complaint ¶ 37.) Countrywide is now attempting to foreclose Plaintiff's home, listing MERS as the beneficiary, although neither Countrywide nor MERS has possession of the original promissory note. (*Id.* ¶ 45.)

In March 2009, Plaintiff submitted to Countrywide the documents which Countrywide requested of him. (Complaint ¶ 61.) Yet, Countrywide refused to postpone the foreclosure sale set for April 1, 2009, and refused a viable loan modification agreement or a workout plan. (*Id.*)

On the basis of the allegations outlined above, Plaintiff alleges five causes of action: (1) Request for Declaratory Relief; (2) Wrongful Foreclosure; (3) Unfair Business Practices; (4) Equitable Estoppel; and (5) Accounting. (Complaint ¶¶ 15–22.)

### B. *Procedural History*

On March 30, 2009, Plaintiff filed this action in state court. Plaintiff's Complaint contained a request for a temporary restraining order to enjoin Defendants from conducting a foreclosure sale on his home. (Notice of Removal and Removal, Ex. A, *Ex Parte* Application of Cornelio Pantoja for a Temporary Restraining Order, Docket Item No. 1.) The state court granted the Temporary Restraining Order on the same day. (*Id.*) The Temporary Restraining Order remains in full force until a preliminary injunction hearing is held. The hearing was scheduled for April 21, 2009 before Judge William Elfving. (Notice of Removal and Removal, Ex. A, Order To Show Cause and Temporary Restraining Order.)

On April 13, 2009, Defendant removed the action to this Court on the basis

of federal question jurisdiction.[5] (Notice of Removal ¶ 3.) On April 15, 2009, Plaintiff filed an *Ex Parte* Motion to Remand the case back to state court. (Docket Item No. 8.) On May 12, 2009, the Court denied Plaintiff's Motion on the ground that Plaintiff's equitable relief hinges on Defendants' compliance with federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and Home Equity and Protection Act ("HOE-PA"), 15 U.S.C. § 1637 *et seq.* (Order Denying Plaintiff's Ex Parte Motion for Remand, Docket Item No. 30.)

Presently before the Court is Defendants' Motion to Dismiss.

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–534 (9th Cir.1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987). Any existing ambiguities must be resolved in favor of the pleading. *Walling v. Bever-*

*ly Enters.*, 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *see also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir.1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000).

### IV. DISCUSSION

Defendants move to dismiss Plaintiff's Complaint in its entirety and on several grounds. The Court considers them in turn.

#### A. Standing to Sue

Defendants move to dismiss Plaintiff's Complaint on the ground that Plaintiff lacks standing due to his failure to allege that he tendered or attempted to tender full payment of the loan amount. (Motion at 4–5.)

 Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a "valid and viable tender [offer] of payment of the indebtedness." *Karlsen v. Ameri-*

---

5. Injunctive orders issued by a state court prior to removal "remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Specifically, TRO entered prior to removal remains in effect and is governed by Fed.R.Civ.P. 65 from the date of removal. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers, Local No. 70*, 415 U.S. 423, 438, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974).

Thus, unless a TRO is extended, it expires no later than 10 days after the date of removal. Fed.R.Civ.P. 65(b)(2); *Granny Goose Foods, Inc.*, 415 U.S. at 440 n. 15, 94 S.Ct. 1113. Here, the TRO expired on April 23, 2009 and Plaintiff never filed a motion to extend the TRO or for a Preliminary Injunction. Accordingly, the TRO issued on March 30, 2009 by the state court is dissolved.

can Sav. & Loan Assn., 15 Cal.App.3d 112, 92 Cal.Rptr. 851, 854 (Ct.App.1971); Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App.3d 575, 578, 205 Cal.Rptr. 15 (Ct.App. 1984) ("[A]n action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security.")[6] A plaintiff must (1) demonstrate a willingness to pay and (2) show the ability to pay. In re Worcester, 811 F.2d 1224, 1231 (9th Cir.1987). A valid and viable tender offer is the plaintiff's ability to pay back what the plaintiff has received less interest and finance charges. Alcaraz v. Wachovia Mortg. FSB, 592 F.Supp.2d 1296, 1304 (E.D.Cal.2009) (citation omitted). However, an offer to pay debt may not be required where it is inequitable. See Humboldt Sav. Bank v. McCleverty, 161 Cal. 285, 291, 119 P. 82 (1911); Rodriguez v. Litton Loan Servicing LP, No. 09–cv–0029 2009 WL 1326339, at *6 (E.D.Cal. May 12, 2009); Stephens, Partain & Cunningham v. Hollis, 196 Cal.App.3d 948, 242 Cal. Rptr. 251, 255 (Ct.App.1987).[7]

Here, as a preliminary matter, Plaintiff contends that the "tender rule" is inapplicable to his action because he is an original lienholder.[8] However, courts have held that the "tender rule" does apply to original lienholders. See Sitanggang v. Indymac Bank, FSB, No. CV F 09–0367, 2009 WL 1286484, at *2 (E.D.Cal. May 6, 2009); Alcaraz, 592 F.Supp.2d at 1304. Thus, the Court finds that the "tender rule" is applicable to Plaintiff's action for wrongful foreclosure. The Court proceeds to determine whether Plaintiff has sufficiently alleged facts to fulfill the tender requirement.

■ Plaintiff alleges in relevant part:
Plaintiff contacted Countrywide during mid-January 2009. He submitted to Countrywide the documents which Countrywide requested of him during March 2009. Nevertheless, Countrywide refused to postpone the foreclosure sale set for April 1, 2009 so that a viable loan modification agreement or workout plan could be arrived at.

(Complaint ¶ 61.) These allegations merely inform Defendants that Plaintiff submitted documents requested by Countrywide. Plaintiff's allegations are devoid of facts to show that a valid and viable tender offer was made. See Sitanggang, 2009 WL 1286484, at *2 (E.D.Cal.2009) (finding plaintiff must plead something to suggest a tender to pay.)

Accordingly, the Court finds that Defendants are entitled to a dismissal on the ground that Plaintiff failed to allege that he has met the "tender rule" requirements. Assuming that this deficiency can be cured, the Court grants Plaintiff leave to amend his Complaint consistent with this Order.

## B. TARP Private Right of Action

■ Defendants move to dismiss Plaintiff's Complaint on the ground that Plaintiff has not alleged a violation of TARP. (Motion at 6.) Plaintiff alleges that Defendants violated the intent and purpose of TARP, by using the monies for their own

---

**6.** California courts commonly refer to this principle as the "tender rule."

**7.** But see Alcaraz, 592 F.Supp.2d at 1302 (holding that despite the loss of a home, inability to pay a loan does not entitle the plaintiff to injunctive relief). "[T]he rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale pro-

cedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." FPCI RE–HAB 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 1022, 255 Cal.Rptr. 157 (Ct.App.1989).

**8.** (Response to Defendants' Motion to Dismiss at 2, hereafter, "Opposition," Docket Item No. 31.)

enrichment. (Complaint ¶¶ 15, 20; Opposition at 3–4.) As a preliminary matter, the Court first considers whether TARP provides a private right of action.

The Emergency Economic Stabilization Act, 12 U.S.C. § 5201 *et seq.*, states that its purpose is to restore "liquidity and stability to the financial system of the United States." 12 U.S.C. § 5201(1). Congress provided the Secretary of the Treasury with the authority and the facilities to carry out the purpose of preserving home ownership, among other objectives of the act.[9] 12 U.S.C. § 5201(2)(B). The Secretary's authority is checked by oversight committees and judicial review as outlined within the statute. 12 U.S.C. §§ 5214, 5226, 5229. All actions of the Secretary are reviewable for any "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

In creating TARP, Congress gave a private right of action to those specifically harmed by TARP to challenge the actions of the Secretary. 12 U.S.C. § 5229. This right of action is limited to causes of action to which there is no other adequate remedy in court. 5 U.S.C. § 704. These provisions give those affected directly by the Secretary's action to bring a case in court against him, but nowhere in the judicial review section is there a mention of a right of action against non-governmental entities.[10] Thus, the Court finds that there is no express private right of action against TARP fund recipients.

■ Since the Court finds no express right of action, the Court looks to congressional intent to determine if a private right was implied. *Universities Research Ass'n,*

*Inc. v. Coutu,* 450 U.S. 754, 770, 101 S.Ct. 1451, 67 L.Ed.2d 662 (1981); *Suter v. Artist M.,* 503 U.S. 347, 357, 112 S.Ct. 1360, 118 L.Ed.2d 1 (1992). The Supreme Court has held that a private right of action against a government agency can be found where there are no special factors that would cause hesitation in absence of affirmative action by Congress, no explicit statutory prohibition against the relief sought, and no exclusive statutory alternative remedy. *Schweiker v. Chilicky,* 487 U.S. 412, 421, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). Any of the three factors can be dispositive to finding a private right of action. Here, the Court finds that 12 U.S.C. § 5229(b)(1) shows Congress' intent to limit private action under TARP solely to actions against the Secretary as provided in § 5229, and not extend any obligations or liabilities to those receiving TARP funds. Thus, the Court finds that there is no implied private right to sue fund recipients under TARP.

Accordingly, the Court finds that Plaintiff's claims may not be based on the theory that Defendants violated the intent and purpose of TARP.

## C. *Wrongful Foreclosure*

In the alternative, Defendants move to dismiss Plaintiff's wrongful foreclosure claim on the ground that each of Plaintiff's theory for this claim fails as a matter of law. The Court proceeds to consider each in turn.

### 1. Foreclosure Without the Original Promissory Note

■ Defendants move to dismiss Plaintiff's wrongful foreclosure claim on the

---

**9.** Other objectives include: protecting home values, college funds, retirement accounts, and life savings, 12 U.S.C. § 5201(2)(A); promoting job and economic growth, 12 U.S.C. § 5201(2)(B); maximizing overall returns to the taxpayers of the United States, 12 U.S.C.

§ 5201(2)(C); and providing public accountability for the exercise of such authority, 12 U.S.C. § 5201(2)(D).

**10.** *E.g.,* financial institutions who receive TARP funds.

ground that, as a matter of law, possession of the original note is not a requirement for foreclosure. (Motion at 8.)

Under California law, there is no requirement for the production of an original promissory note prior to initiation of a nonjudicial foreclosure. Cal. Civ.Code § 2924 (repealed 2006); *see Putkkuri v. Recontrust Co.,* No. 08cv1919, 2009 WL 32567, at *2 (S.D.Cal. Jan. 5, 2009); *Candelo v. NDex West, LLC,* No. CVF 08–1916, 2008 WL 5382259, at *4 (E.D.Cal. Dec. 23, 2008). Therefore, the absence of an original promissory note in a nonjudicial foreclosure does not render a foreclosure invalid. *Neal v. Juarez,* No. 06cv0055, 2007 WL 2140640, at *8 (S.D.Cal. July 23, 2007) (citing *R.G. Hamilton Corp. v. Corum,* 218 Cal. 92, 97, 21 P.2d 413 (1933) and *California Trust Co. v. Smead Inv. Co.,* 6 Cal.App.2d 432, 435, 44 P.2d 624 (Ct.App.1935)).

Here, Plaintiff does not dispute the fact the foreclosure trustee, Old Republic, has the power to initiate foreclosure and need not have the original promissory note. (Opposition at 5.) In light of Plaintiff's concession and the absence of any legal requirement with respect to the procession of the original promissory note prior to a nonjudicial foreclosure, Plaintiff's theory for wrongful foreclosure on this basis is without merit.

Accordingly, the Court finds that Defendants are entitled to a dismissal of Plaintiff's wrongful foreclosure claim because the absence of an original promissory note does not create a cause of action.

### 2. Deficiency of Notice of Default

Defendants move to dismiss Plaintiff's wrongful foreclosure claim on the ground that the notice of default complies with California law. (Motion at 9.)

First, Plaintiff alleges that Defendants' notice of default violates Cal. Civ. Code §§ 2923.5(a) and (b) because Defen-

dants did not attach to the notice "a declaration based on personal knowledge discussing or detailing their efforts to avoid foreclosure." (Complaint ¶ 34.) Section 2923.5(b) merely requires that a notice of default "shall include a declaration from the mortgagee, beneficiary, or authorized agent that it has contacted the borrower, tried with due diligence to contact the borrower as required by this section, or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent." Cal. Civ.Code § 2923.5(b). Defendants' notice of default includes a declaration that Plaintiff, the borrower, was contacted. (Notice of Default at 3.) Section 2923.5(a) details the contact required prior to filing a notice of default. Cal. Civ.Code § 2923.5(a). It states that "[a] mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." § 2923.5(a)(2). As such, Plaintiff would need to allege that this contact either did not occur or was deficient. Plaintiff makes no such allegation.

Second, Plaintiff alleges that the notice of default was deficient in that it did not properly identify the beneficiary, as required by Cal. Civ.Code § 2924c(b)(1). (Complaint ¶ 86.) Courts have rejected claims of deficient notice where no prejudice was suffered as the result of a procedural irregularity. *Knapp v. Doherty,* 123 Cal.App.4th 76, 94, 20 Cal.Rptr.3d 1 (Ct. App.2004); *see also Lehner v. United States,* 685 F.2d 1187, 1190–91 (9th Cir. 1982) (upholding a sale where the borrower did not have any written notice because the borrowers actual notice negated any claim of prejudice). Since Plaintiff does not allege that he suffered prejudice as a

result of the deficiency of notice, Plaintiff fails to state a claim under Rule 12(b)(6).

Accordingly, the Court finds that Defendants are entitled to a dismissal of Plaintiff's wrongful foreclosure claim because Defendants' Notice of Default complies with California law and Plaintiff fails to plead that he was prejudiced by any deficiency in the Notice.

### 3. Deficiency of Notice of Sale

Defendants move to dismiss Plaintiff's wrongful foreclosure claim on the ground that the notice of sale complies with California law. (Motion at 10.)

First, Plaintiff alleges that Defendants did not provide a proper Cal. Civ.Code § 2923.5 declaration in the notice of trustee sale. (Complaint ¶ 86.) Cal. Civ.Code § 2923.5 applies to the notice of trustee sale if "a mortgagee, trustee, beneficiary, or authorized agent had already filed the notice of default prior to the enactment of this section." Cal. Civ.Code § 2923.5(c). Section 2923.5 was enacted September 6, 2008.(*Id.*) Here, the Complaint alleges that Defendants filed notice of default on October 16, 2008, after to the enactment of the section. (Complaint ¶ 30.) Thus, the Court finds that this section is inapplicable and Plaintiff cannot use it as a basis for his wrongful foreclosure claim.

▆ Second, Plaintiff alleges that Defendants violated California Civil Code Section 2923.52 by attempting to go to trustee sale before the 90 day postponement required by that section. (Complaint ¶ 86.) Section 2923.52 went into effect on May 21, 2009. Cal. Civ.Code § 2923.52. California Civil Code provisions are not retroactive unless so declared. Cal. Civ. Code § 3. Section 2923.52 does not contain any retroactivity declarations. Plaintiff alleges that Defendants set the date of trustee sale for April 1, 2009, prior to the enactment of § 2923.52. (Complaint ¶ 35.) Thus, the Court finds that this section is

inapplicable and Plaintiff cannot use it as a basis for his wrongful foreclosure claim.

▆ Third, Plaintiff alleges that Defendants failed to post the notice required under Cal. Civ.Code § 2924.8 at the time of the posting of the notice of trustee sale. (Complaint ¶ 86.) Section 2924.8 applies to loans "if the billing address for the mortgage note is different than the property address." Cal. Civ.Code § 2924.8(d). As such, Plaintiff would need to allege that his billing address is different from his property address. Plaintiff makes no such allegation.

Accordingly, the Court finds that Defendants are entitled to a dismissal of Plaintiff's wrongful foreclosure claim because none of the California provisions relied upon by Plaintiff are applicable to his case nor has he alleged that his billing address is different from his property address.

### 4. Failure to Modify Plaintiff's Loan

▆ Defendants move to dismiss Plaintiff's wrongful foreclosure claim on the ground that they are not required to modify Plaintiff's loan. (Motion at 12.)

Section 2923.6 provides:

(a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:

(1) The loan is in payment default, or payment default is reasonably foreseeable.

(2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery

through foreclosure on a net present value basis.

(b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

Cal. Civ.Code § 2923.6. The legislation is recently enacted and authority is scarce regarding its meaning. Courts have differed in their interpretation. *See Pittman v. Barclays Capital Real Estate, Inc.*, No. 09 CV 0241, 2009 WL 1108889, at *3 (S.D.Cal. Apr. 24, 2009) ("[T]he cited statute clearly addresses this concern by creating a duty between a loan servicer and a loan pool member. The statute in no way confers standing on a borrower to contest a breach of that duty"); *see also Farner v. Countrywide Home Loans*, No. 08cv2193, 2009 WL 189025, at *2 (S.D.Cal. Jan. 26, 2009) ("[N]othing in Cal. Civ.Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers"). *But see In re Morgan–Austin*, No. 08–40399, 2009 WL 780457, at *3 (Bankr. N.D.Cal. Feb. 14, 2009) ("Because of the national epidemic of foreclosures on home mortgages, in July 2008, the California legislature enacted emergency legislation, requiring lenders to attempt to negotiate workout agreements on loan defaults before commencing or continuing foreclosure proceedings.") (construing Cal. Civ.Code §§ 2923.5, 2923.6, 2924.8, and 2929.3. (2009)).

▉ The Court finds that § 2923.6 does not create a cause of action for Plaintiff. Section (a) applies only to servicers and parties in a loan pool. § 2923.6(a). Plaintiff does not allege that he is either a servicer or a party in a loan pool. Thus,

Section (a) is not applicable. The Court finds that the wording in Section (b) does not impose any duty on Defendants.[11] Since Defendants do not owe Plaintiff a statutory duty under this section, Plaintiff has no cause of action.

Accordingly, the Court finds that Defendants are entitled to a dismissal of Plaintiff's wrongful foreclosure claim because under California law, Defendants do not owe Plaintiff a statutory duty to modify his loan.

### 5. MERS Legal Right to Foreclose on the Property

Defendants move to dismiss Plaintiff's wrongful foreclosure claim on ground that Plaintiff has failed to allege facts showing that MERS lacks the legal authority to foreclose on the Property. (Motion at 12.)

Under California law, a "trustee, mortgagee, or beneficiary or any of their authorized agents" may conduct the foreclosure process, and "a person authorized to record the notice of default or the notice of sale shall include an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." Cal. Civ.Code §§ 2924(a)(1), (b)(4). If the deed of trust contains an express provision granting a power of sale, the beneficiary may pursue nonjudicial foreclosure under the provisions of § 2924, often called a "trustee's sale." *Ung v. Koehler*, 135 Cal. App.4th 186, 192, 37 Cal.Rptr.3d 311 (Ct. App.2005) (citing *Moeller v. Lien*, 25 Cal. App.4th 822, 830, 30 Cal.Rptr.2d 777 (Ct. App.1994)); *Huene v. Cribb*, 9 Cal.App. 141, 143–44, 98 P. 78 (Ct.App.1908) (providing that a power of sale must be express in the deed of trust).

---

11. "It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority."

 Here, the Deed of Trust states in relevant part:

> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS."[12] (RJN at 2.)

Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property. (RJN at 3.)

Plaintiff, in relevant part, alleges as follows:

> MERS is always a nominee and never the actual holder and possessor of a promissory note or deed of trust. (Complaint ¶ 37.) It is never an actual beneficiary. (Id.) MERS is essentially a sophisticated electronic bulletin board for the recording of mortgage information. (Id.)

Subsequently claiming to be the beneficiary in the Notice of Default and the Notice of Trustee Sale, without a chain of evidence of its right to do so, has been MERS [sic]. (Complaint ¶ 43.) Countrywide is now attempting to foreclose upon the home of [Plaintiff], listing MERS as beneficiary, when it does not have the legal right to do so. (Id. ¶ 44.)

Plaintiff's allegations ignore the plain language of the Deed of Trust. First, the Deed of Trust expressly designated MERS as the nominee of the lender and as the beneficiary. (RJN at 3.) Second, Plaintiff distinctly granted MERS the right to foreclose through the power of sale provision, giving MERS the right to conduct the foreclosure process under Section 2924. (Id.) Pursuant to the terms of the Deed of Trust and § 2924, as a beneficiary, MERS has a right to conduct the foreclosure process.

Plaintiff contends that MERS, as nominee of the lender and the beneficiary, has no legal or beneficial interest in the promissory note and mortgage debt, thus precluding MERS from foreclosing on the property.[13] (Opposition at 12–13.) The argument that MERS' status alone does

12. Defendants request that the Court take judicial notice of the following document: Deed of Trust, dated on June 27, 2006 and recorded on June 30, 2006, in the Official Records of Santa Clara County, California ("Deed of Trust"). (Request for Judicial Notice in Support of Motion to Dismiss, hereafter, "RJN," Ex. 2 at 2, Docket Item No. 22.) Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of facts that are not subject to reasonable dispute and "are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Court also may take judicial notice of documents in the public record. *W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F.Supp. 790, 792 (N.D.Cal.1992) (taking judicial notice of documents in a county public record, including deeds of trust). In addition, the Court may consider documents referred to by the complaint if they are authentic and

central to plaintiff's claim. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994). Here, Plaintiffs' Complaint references the Deed of Trust on several occasions. (*See* Complaint ¶¶ 48–51.) Since the Deed of Trust is not subject to reasonable dispute, a matter of public record, and referenced as a central part of Plaintiff's claims, the Court takes judicial notice of the Deed of Trust.

13. Plaintiff's contention also stems from the service MERS provides with regards to mortgages. MERS is a national electronic registration and tracking system that tracks the beneficial ownership interests and servicing rights in mortgage loans. When a promissory note is sold by the original lender to others, the various sales of the notes are tracked by the MERS System. *See In re Hawkins*, No. BK–S–07–13593, 2009 WL 901766, at *1–2 (Bankr.D.Nev. Mar. 31, 2009).

not entitle MERS to foreclose on the property has some support in other jurisdictions, though the authority is mixed.[14] However, courts have been clear to allow MERS to conduct the foreclosure process when granted the power of sale provision.[15] Since Plaintiff granted MERS the right to foreclose in his contract, his argument that MERS cannot initiate foreclosure proceedings is meritless.

Accordingly, the Court finds that Defendants are entitled to a dismissal of Plaintiff's wrongful foreclosure claim because MERS has a legal right to foreclose on the Property.

In sum, the Court finds that all of Plaintiff's theories for his wrongful foreclosure claim fail. Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Second Cause of Action for wrongful foreclosure.

### D. UCL Sections 17200 & 17500

Defendants move to dismiss Plaintiff's UCL claim on the ground that Plaintiff has failed to allege underlying violations of law.[16] (Motion at 15.)

Section 17200 prohibits any unlawful, unfair or fraudulent business act or practice. Cal. Bus. & Prof.Code § 17200. A practice can violate this section even if it is merely unfair and not unlawful. *Gregory v. Albertson's, Inc.*, 104 Cal.App.4th 845, 850, 128 Cal.Rptr.2d 389 (Ct.App.2002). In determining whether a particular business practice is unfair under § 17200, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim. *Gregory*, 104 Cal.App.4th at 852, 128 Cal. Rptr.2d 389. Further, § 17200 prohibits any violations of § 17500. Section 17500 makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Ariz. Cartridge Remanufacturers Ass'n v. Lexmark Int'l, Inc.*, 421 F.3d 981, 985 (9th Cir.2005). Thus, under § 17200 and § 17500, a plaintiff may make a claim based on unlawful business practices, but he need only allege unfair or fraudulent business practices or knowing dissemination of untrue or misleading statements.

In this case, since the Court has dismissed all of Plaintiff's predicate violations, Plaintiff cannot state a claim under the unlawful business practices prong of the UCL. Thus, Plaintiff must allege unfair or fraudulent business practices or the knowing dissemination of untrue or misleading statements. In his Complaint, Plaintiff merely provides the contents of

---

14. *See In re Hawkins*, 2009 WL 901766, at *3 (holding that MERS does not have standing merely because it is the alleged beneficiary ... the mere fact that an entity is a named beneficiary of a deed of trust is insufficient to enforce the obligation). *But cf. Elias v. HomeEQ Servicing*, No. 2:08–CV–1836, 2009 WL 481270, at *1 (D.Nev. Feb. 25, 2009) (holding that MERS has standing to foreclose as a nominee of the lender and a beneficiary of the deed of trust).

15. California courts have found the argument, allowing the power of sale provision to grant MERS the right to foreclose, persuasive. *See, e.g., Pfannenstiel v. Mortgage Elec. Registration Sys., Inc.*, No. CIV5–08–2609, 2009 WL 347716, at *4 (E.D.Cal. Feb. 11, 2009); *Saxon Mortgage Serv., Inc. v. Hillery*, No. C–08–4357, 2008 WL 5170180, at *5 (N.D.Cal. Dec. 9, 2008). Other jurisdictions have also ruled that this same power of sale provision allows MERS to exercise all of the substantive rights of the party who holds the beneficial ownership of the Deed of Trust, including the right to foreclose and sell the property. *See, e.g., In re Roberts*, 367 B.R. 677, 684 (Bankr.D.Colo. 2007); *Hilmon v. Mortgage Elec. Registration Sys., Inc.*, No. 06–13055, 2007 WL 1218718, at *4 (E.D.Mich. Apr. 23, 2007).

16. Defendants also contend that only injunctive remedies are available under § 17200 and § 17500. (Motion ¶ 15.)

§§ 17200 and 17500 and then alleges that Defendants violated each of the statutes, in their entirety, through aiding and abetting in a variety conduct. (Complaint ¶¶ 91–93.) The list included, *inter alia,* many notice requirements failures and receipt of TARP funds. (*Id.*) However, absent from Plaintiff's allegations are facts showing which business practice by Defendants was unlawful or unfair or both under § 17200. Further, Plaintiff fails to allege that anything was stated or disseminated. Thus, the Court finds that Plaintiff's UCL claim fails because Plaintiff has not alleged sufficient facts to give Defendants notice of what unlawful or unfair conduct is being asserted against them.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Third Cause of Action for unfair business practices pursuant to §§ 17200 and 17500.

### E. *Equitable Estoppel*

■ Defendants move to dismiss Plaintiff's equitable estoppel claim on the ground that Plaintiff has failed to plead that communications by Defendants induced his reliance. (Motion at 17.)

■ Equitable estoppel occurs when a prospective defendant induces a prospective plaintiff not to protect his rights, and when the plaintiff attempts to assert them, then raises a defense that exploits the plaintiff's lapse. *City of Hollister v. Monterey Ins. Co.,* 165 Cal. App.4th 455, 487, 81 Cal.Rptr.3d 72 (Ct. App.2008). Equitable estoppel requires that "(1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct." *High Sierra Hikers Ass'n v. Powell,* 150 F.Supp.2d 1023, 1044 (N.D.Cal.

2001) (citing *Lehman v. United States,* 154 F.3d 1010, 1016 (9th Cir.1998)). These requirements are conjunctive, thus, if one fails, the entire equitable estoppel claim fails.

Here, Plaintiff alleges that Bank of America received over $45 billion from the United States government and then pocketed the money without using these funds to alleviate the economic and foreclosure crisis existing in the United States, as Congress intended the money to be used. (Complaint ¶ 98.) For Plaintiff's estoppel claim to be viable, Plaintiff would have to allege that Bank of America intended their receipt of TARP funds to induce Plaintiff to stop paying his mortgage, and that he stopped in such reliance. Absent from Plaintiff's allegations are such inducements from Bank of America. Thus, Plaintiff's claim that Bank of America should be estopped from foreclosing on his home because it received TARP funds fails as a matter of law.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Fourth Cause of Action for equitable estoppel.

### F. *Accounting*

■ Defendants move to dismiss Plaintiff's claim for accounting on the ground that an accounting is not a cause of action under which relief may be granted. (Motion at 17; Opposition at 16–17.)

■ Under California law, an accounting is generally a remedy under equity. *Batt v. City & County of S.F.,* 155 Cal.App.4th 65, 82, 65 Cal.Rptr.3d 716 (Ct. App.2007); 1A C.J.S. Accounting § 6 (2009). In rare cases, an accounting can be a cause of action when a defendant has a fiduciary duty to a plaintiff which requires an accounting, and that some balance is due to the plaintiff that can only be ascertained by an accounting. *Teselle v. McLoughlin,* 173 Cal.App.4th 156, 92 Cal.

Rptr.3d 696, 715 (Ct.App.2009); *Kritzer v. Lancaster*, 96 Cal.App.2d 1, 6, 214 P.2d 407 (Ct.App.1950). An accounting is not required when the amount in dispute is certain or ascertained by a simple calculation. *St. James Church of Christ Holiness v. Superior Court*, 135 Cal.App.2d 352, 359, 287 P.2d 387 (Ct.App.1955); 1A C.J.S. Accounting § 1 (2009).

Here, Plaintiff alleges there is no way to determine what he owes without an accounting by Defendants. (Complaint ¶ 104.) However, Plaintiff does not claim that he is owed anything by Defendants nor is it difficult to calculate what Plaintiff owes Defendants based on the attached Notice of Default.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Fifth Cause of Action for accounting.[17]

### G. *Bank of America*

██ Defendants move to dismiss Bank of America as a defendant on the ground that the Complaint does not allege any wrongful conduct by Bank of America. (Motion at 17.)

██ It is the general rule that a parent corporation and its subsidiary will be treated as separate legal entities. *Current Inc. v. State Board of Equalization*, 24 Cal.App.4th 382, 391, 29 Cal.Rptr.2d 407 (Ct.App.1994); *Laird v. Capital Cities/ABC, Inc.*, 68 Cal.App.4th 727, 741, 80 Cal.Rptr.2d 454 (Ct.App.1998). The alter ego doctrine is one exception to the rule where a parent corporation will be found liable for the actions of its subsidiary when there is (1) such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, and (2) that if the acts are treated as those of the corporation alone,

an inequitable result will follow. *Automotriz Del Golfo De California v. Resnick*, 47 Cal.2d 792, 796, 306 P.2d 1 (1957); *United States v. Healthwin–Midtown Convalescent*, 511 F.Supp. 416, 418 (C.D.Cal.1981) *affirmed* 685 F.2d 448 (9th Cir.1982). Another exception to the general rule is when the subsidiary is the agent of the parent, which requires a showing that the parent so controls the subsidiary as to cause the subsidiary to be become merely the instrumentality of the parent. *Laird*, 68 Cal. App.4th at 741, 80 Cal.Rptr.2d 454. A parent corporation contributing funds to a subsidiary is not enough to find alter ego or agency liability. *Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523, 539, 541, 99 Cal.Rptr.2d 824 (Ct.App. 2000).

Here, Plaintiff alleges that Bank of America "is responsible and liable for the actions of Countrywide during the times [pleaded] in the Complaint." (Complaint ¶ 3.) Reading the Complaint and interpreting ambiguities in favor of the pleadings, Plaintiff pleads no facts beyond the purchase of Countrywide by Bank of America. Without more, Plaintiff's allegations are limited to claiming a financial link between the parent and subsidiary. Thus, Plaintiff has failed to plead enough facts to maintain a claim against Bank of America.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's claim against Bank of America.

### V. CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss the Complaint with leave to amend.

On or before **July 29, 2009,** Plaintiff shall file his Amended Complaint as a *sep-*

---

17. Defendants also move to dismiss Plaintiff's request for declaratory relief because it is superfluous. (Motion at 16.) The Court STRIKES Plaintiff's request for declaratory relief as duplicative of the remedy already available in the other causes of action should Plaintiff prevails.

*arate* docket entry. The Amended Complaint shall be consistent with the directions of this Order. Failure to timely file an Amended Complaint or file one that tracks the terms of this Order may result in sanctions pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.