**James B. COPELAN and Brian M. Lowenthal, Individually and on behalf of all Others Similarly Situated, Plaintiffs,**

**v.**

**INFINITY INSURANCE COMPANY and Liberty Mutual Fire Insurance Company, Defendants.**

**CASE NO. CV 16-1355-R**

United States District Court,
C.D. California.

Signed June 14, 2016

Montie S. Day, Day Law Offices, William, CA, Mark Sparks, Mostyn Law Firm, Beaumont, TX, for Plaintiffs.

Charles A. Danaher, Sheppard Mullin, San Diego, CA, Theona Zhordania, Frank Falzetta, Jeffrey S. Crowe, Jennifer M. Hoffman, Sheppard Mullin Richter and Hampton LLP, Los Angeles, CA, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

MANUEL L. REAL, UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Infinity Insurance Company's ("Infinity") Motion to Dismiss the First, Second, Fourth, Fifth, and Sixth Causes of Action in the First Amended Complaint ("FAC") (Dkt. No. 20) and Defendant Liberty Mutual Fire Insurance Company's ("Liberty") Motion to Dismiss the First, Second, Third, and Fourth Causes of Action in the FAC (Dkt. No. 17), which were filed on June 6, 2016. These matters were taken under submission on June 1, 2016.

On a motion to dismiss, the trial court takes all well-pleaded facts in the complaint to be true and determines whether, based upon those facts, the complaint states a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). *See Alperin v. Vatican Bank,* 410 F.3d 532, 541 (9th Cir.2005). To state a claim, the complaint must contain factual assertions which make the claimed relief not merely possible, but "plausible." *Ashcroft v. Iqbal,* 556 U.S. 662, 663, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although factual assertions are taken as true, the court does not accept legal conclusions as true. *id.*

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper only when a complaint exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Twombly* and *Iqbal,* a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. The Plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. The court will not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . ." *id.*

Plaintiffs' FAC alleges six causes of action: (1) violation of Cal. Bus. & Prof. Code § 17200; (2) violation of Cal. Ins. Code § 790.03; (3) breach of contract and breach of the covenant of good faith and fair

dealing against Liberty by Plaintiff Copelan; (4) conspiracy; (5) claim for payment of judgment and breach of the covenant of good faith and fair dealing against Infinity by Plaintiff Copelan; and (6) breach of contract and breach of the covenant of good faith and fair dealing against Infinity by Plaintiff Lowenthal.

Plaintiffs' entire case is premised on the idea that they are entitled to diminished value or stigma damages. However, Plaintiffs have not and cannot point to anywhere in their individual contracts with Defendant Infinity or Liberty that provides such an entitlement. As it pertains to Lowenthal's contract with Infinity, Plaintiffs fail to cite any case law that establishes that diminished value or stigma damages are encompassed in "physical damage to tangible property." Rather, the Ninth Circuit has specifically held that the insertion of the word "physical" into the definition of "property damage" eliminated any possibility that intangible economic losses could constitute "property damage." *N.H. Ins. Co. v. Vieira*, 930 F.2d 696, 698–99 (9th Cir.1991) ("[W]e are persuaded that diminution in value is not 'physical damage' to 'tangible property'"); *Goodstein v. Cont'l Cas. Co.*, 509 F.3d 1042, 1054 (9th Cir.2007) ("[D]iminution in value does not alone constitute 'property damage' where the policy language requires 'physical injury to tangible property'"). Because neither Infinity nor Liberty's policy covers third-party diminished value claims, the vast majority of Plaintiffs' claims fail as a matter of law.

The Second Cause of Action, raised by both Plaintiffs against both Defendants, is for unfair and deceptive acts or practices in violation of Cal. Ins. Code § 790.03. However, California courts have recognized that there is no private right of action for violation of Insurance Code Section 790.03. *Moradi–Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal.3d 287, 304–305, 250 Cal.Rptr. 116, 758 P.2d 58 (1988).

The First Cause of Action, raised by both Plaintiffs against both Defendants, is for unlawful business actions and practices in violation of Cal. Bus. & Prof. Code § 17200. This cause of action is based on the allegations that Defendants have violated Cal. Ins. Code § 790.03 and that Defendants acted fraudulently, thereby engaging in unlawful business practices. Because Plaintiffs' Second Cause of Action is also predicated on Defendants' alleged violation of Cal. Ins. Code § 790.03 that has now been dismissed for lack of standing, the First Cause of Action fails as well. *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1190 (N.D.Cal. 2009). In addition, Plaintiffs do not allege any purported fraud with particularity, and thus fail to comply with the heightened pleading requirements of Rule 9(b). Fed. R. Civ. P. 9(b). For these reasons the First Cause of Action fails. *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir.2003).

The Third Cause of Action, raised by Plaintiff Copelan against Liberty, is for breach of contract and breach of the covenant of good faith and fair dealing. A breach of insurance contract claim "necessarily relates only to the express promises made by [the insurer] in its policy." *Archdale v. Am. Specialty Lines Ins. Co.*, 154 Cal.App.4th 449, 466, 64 Cal.Rptr.3d 632 (2007). Copelan's policy with Liberty contains no provision requiring Liberty to pursue an insured's diminished value claim, or wait to assert its subrogation claim. Furthermore, Copelan's central theory of liability against Liberty for breach of contract is that Liberty should have considered diminished value in electing to repair the vehicle. However, this argument was specifically rejected in *Carson v. Mercury Ins. Co.*, 210 Cal.App.4th 409, 427,

148 Cal.Rptr.3d 518 (2012) (finding that an insurance company's "failure to take into account the vehicle's depreciation in value when opting to repair the vehicle cannot be deemed against public policy or the covenant of good faith"). Moreover, where there is no breach of the insurance contract, the insurer cannot be held liable for breach of the implied covenant of good faith and fair dealing. *See e.g., Gunderson v. Fire Ins. Exch.*, 37 Cal.App.4th 1106, 1119, 44 Cal.Rptr.2d 272 (1995); *State Farm Mut. Auto. Ins. Co.*, 7 F.3d 180, 184 (9th Cir.1993) (holding that because coverage did not exist, the insurer could not be held liable for bad faith).

■ Alternatively, Copelan leased the subject vehicle so he does not have standing to pursue a diminished value claim anyway. *See, e.g., Bristow v. Lycoming Engines*, 2007 WL 1752602, at *4 (E.D.Cal. June 15, 2007) (holding that only the owner of a plane would suffer diminished value damages). The fact Copelan had the option to purchase the vehicle and could have chosen to resell it falls short of a concrete injury-in-fact sufficient to support Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (explaining that standing is absent where harm depends on "contingent future events that may not occur as anticipated, or indeed may not occur at all").

■ In the Fourth Cause of Action both Plaintiffs allege conspiracy as an independent claim for relief against both Defendants. However, civil conspiracy is not an independent cause of action. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510–11, 28 Cal.Rptr.2d 475, 869 P.2d 454 (1994). Rather, it is "a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equip. Corp.*, 7 Cal.4th at 510–11, 28 Cal.Rptr.2d 475, 869 P.2d 454. In addition, Plaintiffs do not allege any purported fraud with particularity, and thus this cause of action fails to satisfy the heightened pleading requirements of Rule 9(b). Fed. R. Civ. P. 9(b); *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir.2003).

■ The Sixth Cause of Action, raised by Plaintiff Lowenthal against Infinity, is for breach of contract and breach of the covenant of good faith and fair dealing. A plaintiff must identify some contractual provision that has been breached in order to state a claim for breach of contract. *Reichert v. Gen. Ins. Co.*, 68 Cal.2d 822, 830–31, 69 Cal.Rptr. 321, 442 P.2d 377 (1968). However, Plaintiff Lowenthal cannot do so here, because as mentioned above, the Infinity policy does not provide coverage for Copelan's claim for diminished value damages. Likewise, Infinity did not breach the covenant of good faith and fair dealing because, as mentioned above, where there is no breach of the insurance contract, the insurer cannot be liable for breach of the implied covenant of good faith and fair dealing.

The Fifth Cause of Action, raised by Plaintiff Copelan against Infinity, is a claim for payment of judgment and breach of the covenant of good faith and fair dealing. (Plaintiffs contend that Infinity is liable to Copelan pursuant to Cal. Ins. Code § 11580. That code allows Plaintiff Copelan to stand in the shoes of Plaintiff Lowenthal by having the same rights as Lowenthal does under his policy with Infinity.) As noted above, however, Infinity's policy does not provide coverage for diminished value damages, and Infinity is therefore not liable to Copelan for either the payment of judgment, or for the breach of the covenant of good faith and fair dealing.

**IT IS HEREBY ORDERED** that Defendant Infinity's Motion to Dismiss the First, Second, Fourth, Fifth, and Sixth Causes of Action in the FAC is GRANTED. (Dkt. No. 20).

**IT IS FURTHER ORDERED** that Defendant Liberty's Motion to Dismiss the First, Second, Third, and Fourth Causes of Action in the FAC is GRANTED. (Dkt. No. 17).